UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Clark Henry Hawkinson,<br><br>Defendant. | Case No. 18-cr-033 (02) (SRN/HB)<br><br><br>MEMORANDUM OPINION<br>AND ORDER ADOPTING REPORT<br>AND RECOMMENDATION OF<br>MAGISTRATE JUDGE |

Thomas Hollenhorst, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Plaintiff.

Michael McDonald, 16670 Franklin Trail Southeast, Suite 250, Prior Lake, Minnesota 55372, and Katherine Roe, Office of the Federal Public Defender, 300 South Fourth Street, Suite 107, Minneapolis, Minnesota 55415, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter comes before the Court on the Objection ("Objection") [Doc. No. 212] of Defendant Clark Henry Hawkinson to Magistrate Judge Hildy Bowbeer's Report and Recommendation ("R&R") dated October 22, 2018 [Doc. No. 209]. In the R&R, Magistrate Judge Bowbeer recommended that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure ("Defendant's Motion to Suppress") [Doc. No. 151] be denied. For the reasons set forth below, and after a *de novo* review, this Court overrules Defendant's Objection, adopts the R&R in its entirety, and denies Defendant's Motion to Suppress.

1

**I.     Background**

In 2016, several law enforcement agencies, including the West Metro Drug Task Force, the Minnesota Bureau of Criminal Apprehension, the Federal Bureau of Investigation, and the Drug Enforcement Administration, started jointly investigating a large-scale, prison-based, drug-trafficking operation ("DTO"). (Gov't's Resp. to Def.'s Mem. of Law [Doc. No. 201] at Ex. 2.) During the investigation, law enforcement officials consulted jail visitor logs, recorded jail telephone calls, seized contraband, and met with a "vetted confidential reliable informant" ("CRI"). (*Id.*) The investigation revealed that the DTO smuggled up to 100 pounds of methamphetamine and heroin a month from Mexico to California, and then from California to Minnesota. (*Id.*)

The CRI told investigators that one of the primary drug distributors for the DTO was a person nicknamed "El Pescador," whom investigators determined was Defendant. (*Id.*) The CRI said that Defendant was a "lb level" distributor. (*Id.*) In addition, the CRI explained that members of the DTO delivered methamphetamine to Defendant and collected money in return. (*Id.* at 3–4.) The CRI told law enforcement officers that as much as seven pounds of methamphetamine was delivered to Defendant in December 2017. (*Id.* at 4.)

Law enforcement officers' independent surveillance of Defendant corroborated the CRI's information that Defendant was a drug distributor for the DTO. The CRI's identification of Defendant as a suspected drug trafficker was corroborated through an undercover drug transaction between Hennepin County Deputy Sheriff Siltala and a DTO intermediary who traveled to and from Defendant's house at least five times. (*Id.*) The

CRI's identification of Defendant as a member of the DTO was also corroborated by the search of a suspect's phone, which included a message from a member of the DTO to the suspect giving directions to Defendant's residence. (*Id.*)

On January 25, 2018, Deputy Sheriff Siltala applied for a warrant to search Defendant's residence and supplied a supporting affidavit. (Def.'s Mem. Supp. Mot. Suppress [Doc. No. 194] at 1.) The application was granted the same day by Anoka County District Court Judge Jonathan Jasper. (*Id.*) The search warrant was executed on January 31, 2018, at 12:23 p.m. (Exhibit 2 [Doc. No. 211].) Both large quantities of methamphetamine and miscellaneous drug trafficking paraphernalia were found at Defendant's resident. (*Id.*) Subsequently, on February 14, 2018, Defendant was charged with conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. (Indictment [Doc. No. 1].)

Six months later, Defendant moved to suppress evidence obtained as a result of the search and seizure. Although Defendant's original motion sought broad relief, at the hearing on the motion he narrowed his focus to the search warrant executed at his residence on January 31, 2018. (R&R at 2.) In his post-hearing memorandum Defendant argued that there was no probable cause for the search warrant and that the good-faith exception to the exclusionary rule did not apply. (Def.'s Mem. Supp. Mot. Suppress at 1.)

After reviewing Defendant's claims, Magistrate Judge Bowbeer found that Deputy Sheriff Siltala's affidavit established probable cause to believe that narcotics and contraband or incriminating evidence would be found at Defendant's residence. (R&R at 5.) Moreover, Judge Bowbeer concluded that, even if probable cause were lacking, the

3

good-faith exception to the exclusionary rule applies in this case. (*Id.* at 6.)

On November 2, 2018, Defendant filed his Objection to the R&R. Defendant continues to argue that there was no probable cause to search his residence and that the good-faith exception to the exclusionary rule does not apply. (Def.'s Obj. at 1.) Because this Court agrees with the magistrate judge's reasoning in the R&R, this Court overrules Defendant's Objection and adopts the R&R in its entirety.

## II. Discussion

### A. Standard of Review

Upon issuance of an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). The objections should specify the portion of the magistrate judge's [R&R] to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-cv-1958 (JRT/RLE), 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Then, the district court will review *de novo* those portions of the R&R to which an objection is made, and it "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

### B. Analysis

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend IV. Every search warrant must be supported by probable cause, supported by a sworn affidavit, and describe with particularity the place to be searched and the

4

items or persons to be seized. *Id.* A judge presented with a search warrant must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him [or her], . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

A court reviewing a previous determination of probable cause must give "great deference" to the issuing judge's assessment. *Id.* at 236 (quotation omitted). If the issuing judge "relied solely on the supporting affidavit to issue the warrant, 'only that information which is found within the four corners of the affidavit may be considered in determining the existence of probable cause.'" *United States v. Etheridge*, 165 F.3d 655, 656 (8th Cir. 1999) (quotation omitted).

Deputy Sheriff Siltala's affidavit established probable cause to believe that narcotics and contraband or incriminating evidence would be found at Defendant's residence. He adequately described the investigation of the DTO and Defendant's alleged participation in the DTO in his affidavit. Deputy Sheriff Siltala was not required to describe in more detail "how the 'investigation' worked, when the information was provided, how it was obtained[,] and which individuals were involved," as Defendant argues. (*See, e.g.*, Def.'s Obj. at 2.) Nor was he required to provide a further "basis of the allegations" for the details and circumstances he described in his affidavit. (*Id.* at 4.) Instead, Deputy Sheriff Siltala properly asserted that the investigating officers found, both from information obtained through their independent investigative efforts and information obtained from a CRI, that Defendant was a primary drug distributor for a

large-scale methamphetamine and heroin smuggling operation and that contraband or evidence would be found at his residence.

But even if probable cause were lacking, the Court finds that the good-faith exception to the exclusionary rule applies. *United States v. Leon*, 468 U.S. 897, 922 (1984). Defendant has not shown that the judge who issued the warrant "was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth." *Id.* at 923. The affidavit was not so lacking in probable cause that reliance on it was objectively unreasonable, nor was the warrant itself so facially deficient that its validity could not be presumed. *Id.* Finally, there is no evidence that the issuing judge "wholly abandoned his judicial role." *Id.* Therefore, even if probable cause did not exist, exclusion of the evidence is not appropriate.

In conclusion, after a *de novo* review of all the files, records, and proceedings herein, this Court agrees with the magistrate judge that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure should be denied. Accordingly, this Court overrules Defendant's Objection and adopts the R&R in its entirety.

### III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Hawkinson's Objection [Doc. No. 212] is **OVERRULED**;
2. Magistrate Judge Bowbeer's R&R [Doc. No. 209] is **ADOPTED** in its entirety;
3. Defendant Hawkinson's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Doc. No. 151] is **DENIED**.

Dated: December 4, 2018    s/ Susan Richard Nelson
                           SUSAN RICHARD NELSON
                           United States District Judge